UNITED STATES of America,
Appellee,

v.

Carl Magnus CHIN, also known as
Danny N. Chin, also known as
Tree, Defendant.

No. 99–1340.

United States Court of Appeals,
Second Circuit.

Jan. 10, 2001.

Laurie S. Hershey, Law Office of Laurie S. Hershey Garden City, NY, for appellant.

Elizabeth S. Riker, Assistant U.S. Attorney, Northern District of New York Syracuse, NY, for appellee.

Present OAKES, CARDAMONE and PARKER, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

On December 9, 1998, Mr. Chin was convicted, following a jury trial, of conspiring, to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. On June 2, 1999, he was sentenced to a term of imprisonment of fifty (50) months.

Mr. Chin argues that: (1) certain evidentiary admissions violated Fed.R.Evid. 404(b); (2) the court's limiting instruction was inadequate; (3) the prosecution engaged in improper argument; and (4) the government did not establish drug quantity beyond a preponderance of the evidence.

■ Evidentiary rulings are reviewed for abuse of discretion. *See United States v. Anglin*, 169 F.3d 154, 162 (2d Cir.1999). " 'An act that is alleged to have been done in furtherance of [an] alleged conspiracy ... is not an "other" act within the meaning of Rule 404(b); rather it is part of the very act charged.' " *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir.1999) (quoting *United States v. Concepcion*, 983 F.2d 369, 392 (2d Cir.1992)).

■ In addition, there is no requirement that all of the government's evidence fall within the time period charged in the indictment, providing it is relevant to the charges. *See United States v. Bagaric*, 706 F.2d 42, 65 (2d Cir.1983), *abrogated on other grounds, National Org. for Women v. Scheidler*, 510 U.S. 249, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994).

The court properly admitted the evidence as direct evidence of the conspiracy. Mr. Allen's testimony was direct evidence of the Greenwood Chin conspiracy, and Mr. Chin's concealment of the money was relevant to his guilt.

■ This Court reviews *de novo* the propriety of a jury instruction. *See United States v. Smith*, 198 F.3d 377, 386 (2d Cir.1999). The defendant must show that, viewing the charge as a whole, he was prejudiced. *See id.* "A jury instruction is erroneous if it misleads the jury as to the correct legal standard or it does not adequately inform the jury on the law." *United States v. Abelis*, 146 F.3d 73, 82 (2d Cir.1998). The court was not instructing the jury on Rule 404(b) or on the defendant's defense of innocence; rather, it was instructing the jury as to intent. Also, the defendant fails to allege any prejudice as a result of the "what have you been offered" conversation.

■ This Court will not find a denial of due process warranting reversal, based on summation arguments, unless the arguments constitute "egregious misconduct." *United States v. Shareef*, 190 F.3d 71, 78 (2d Cir.1999). The prosecutor's comments did not amount to misconduct. Here, the government responded to defense counsel's remarks. This Court has held that where the defense summation makes arguments against the government, the prosecutor may respond to them in rebuttal. *Bagaric*, 706 F.2d at 60. In addition, the court asked the prosecutor to preface her statements to make it clear that she was referring to the plea agreements, and the court gave the jury a curative instruction. Finally, there was sufficient evidence to secure a conviction. Accordingly, the prosecution's arguments did not amount to a denial of due process warranting reversal.

■ A district court's determination of drug quantity is reviewed for clear error, *see United States v. Prince*, 110 F.3d 921, 924 (2d Cir.1997), and that amount need only be proven by a preponderance of the evidence, *see United States v. Desimone*, 119 F.3d 217, 228 (2d Cir.1997). "Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." *See* U.S .S.G. § 2D1.1, cmt. n. 12. All transactions entered into by a defendant's coconspirators may be attributable to him, if they were known to him or reasonably foreseeable by him. *See United States v. Miller*, 116 F.3d 641, 684 (citing U.S.S.G. § 1B1.3, cmt. n. 1; § 2D1.1, cmt. n. 12).

The court found that the evidence as to amounts was credible and reliable, and that there was a substantial amount of drugs involved. Quantity was established by a preponderance of the evidence, and we find no clear error in the district court's determination.

For the reasons set forth above, the judgment of the district court is AFFIRMED.